# JOHN RUNQUIST v. W. H. FERRELL & COMPANY.[1]

December 1, 1911.

Nos. 17,282—(96).

**Sale — questions for jury.**
Action for breach of contract for purchase of potatoes. Verdict in favor of plaintiff. *Held:* The court did not err in refusing to direct a verdict for defendant and in sending the case to the jury. [Reporter.]

Action transferred to the district court for Mille Lacs county to recover $435 damages for breach of contract to buy five carloads of potatoes. The answer denied the making of the contract, and alleged that defendant received and fully paid for all potatoes at any time bought. The case was tried before Taylor, J., who, at the close of the evidence, denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $175. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*E. L. McMillan,* for appellant.
*Baldwin & Baldwin* and *J. T. Pearson,* for respondent.

PER CURIAM.
The substantial question in this case is whether defendant was entitled to an instructed verdict at the close of the trial. The action was for the breach of a contract for the purchase and sale of five carloads of potatoes and plaintiff had a verdict. We find in the record evidence sufficient to send the case to the jury upon all questions involved under the pleadings and conclude therefore, without discussion, that the court below properly refused to direct a verdict for defendant. The record presents no errors justifying a new trial.
Order affirmed.

[1] Reported in 133 N. W. 1134.